IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACOB RICHARD BEYER,

                            Petitioner,

    v.                                                          OPINION and ORDER

DAN CROMWELL,                                          24-cv-659-jdp

                            Respondent.

---

      Jacob Richard Beyer, proceeding without counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a conviction for possessing child pornography. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which requires the court to dismiss a petition if it "plainly appears" that petitioner is not entitled to relief.

      Beyer's claim is not based on any alleged constitutional violations that occurred during his trial, and he does not challenge the sufficiency of the evidence to convict him of possessing child pornography. Instead, Beyer contends that the trial court violated his right to due process by denying a discovery motion. Specifically, he says that he was entitled to information that could have allowed him to show that the search warrant leading to his arrest was not supported by probable cause. The Wisconsin Court of Appeals rejected this claim as speculative, and that decision was not inconsistent with clearly established law, so I will deny Beyer's petition.

ANALYSIS

      Explaining Beyer's claim requires some unpacking. Beyer was convicted of possessing one digital image of child pornography, but it was not the same digital file described in the

search warrant that led to his arrest. *See State v. Beyer*, 2024 WI App 10, ¶¶ 11, 17, 24, 2024 WL 119337, at *2 (Jan. 11, 2024). In fact, the state did not charge Beyer with possessing that original video file, and it did not rely on the video at trial because it "was not found on his computer during or after the execution of the search warrant at his residence." *Id.*, at ¶ 29; *see also* Dkt. 1, at 7. Rather, after executing the search warrant, agents discovered other child pornography on Beyer's computer. One of those other images was the basis for Beyer's conviction; nine others were admitted as other-acts evidence. *Beyer*, 2024 WI App 10, at ¶ 17.

Beyer says that the disappearance of the original file raises the question whether Beyer had ever possessed that file and whether the search warrant was supported by probable cause. Beyer filed a motion to suppress in state court, but he is not asserting a Fourth Amendment claim in this court. Rather, he says that he had a right under the Due Process Clause to conduct discovery to support his theory. I understand Beyer to contend that a forensic analysis of the state's computers could show one of two things: (1) the agent fabricated the allegations in the search warrant; or (2) a third-party manipulated the peer-to-peer network Beyer was using to make it appear as if he had downloaded an image even though he had not. *Beyer*, 2024 WI App 10, at ¶¶ 29–30; Dkt. 1, 8–9.

Beyer's claim may be barred by *Stone v. Powell*, which holds that a prisoner cannot relitigate a motion to suppress in a habeas proceeding unless the state has failed to provide the habeas petitioner an opportunity for full and fair litigation of a Fourth Amendment claim. 428 U.S. 465, 482 (1976). A criminal defendant receives a full and fair opportunity to litigate if (1) he has clearly informed the state court of the factual basis for that claim; (2) the state court carefully and thoroughly analyzed the facts; and (3) the court applied the proper constitutional case law to the facts. *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002).

Beyer's claim is essentially that he did not have a fair opportunity to litigate his motion to suppress in state court. But under *Stone*, a full and fair opportunity does not include conducting discovery, which suggests that he cannot raise such a claim in a habeas petition.

On the other hand, Beyer is not asserting a Fourth Amendment claim, and the Supreme Court has not extended *Stone* to claims related to a motion to suppress but that are asserted under a different amendment. For example, in *Kimmelman v. Morrison*, the Court held that *Stone* does not apply to claims for ineffective assistance of counsel based on a lawyer's failure to file a suppression motion. 477 U.S. 365 (1986).

But even if *Stone* does not apply, it is clear that Beyer is not entitled to relief. A federal court may not grant a habeas petition under § 2254(d) unless the state's court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." This means that the petitioner must show that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Beyer cannot meet that standard for a straightforward reason: "There is no general constitutional right to discovery in a criminal case." *U.S. v. Vargas*, 915 F.3d 417, 421 (7th Cir. 2019) (internal quotation marks omitted). Rather, discovery in criminal cases is generally governed by rules and statutes. *See id.* But federal rules and statutes on discovery do not apply to state proceedings, and the violation of a state rule or statute cannot provide the basis for a habeas petition. *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004).

*Brady v. Maryland* requires the state to turn over evidence favorable to the defense under some circumstances. 373 U.S. 83 (1963). But requiring the state to allow a forensic analysis of its computers in this case would extend *Brady* in two important respects. First, the Supreme Court has interpreted *Brady* as requiring the state to disclose "evidence that is either material to the guilt of the defendant or relevant to the punishment to be imposed." *California v. Trombetta*, 467 U.S. 479, 485 (1984). Beyer was not convicted of possessing the image that provided the basis for the search warrant, and that image was not considered at sentencing, so the discovery he is seeking is not material to his guilt or sentence.

Second, *Brady* applies only "when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Turner v. U.S.*, 582 U.S. 313, 324 (2017) (internal quotation marks omitted). In this case, Beyer does not even know what a forensic analysis would show or whether any evidence uncovered would be exculpatory or inculpatory. His own expert conceded that the missing image "could have been the result of Beyer, or another user, downloading the file through the network, later deleting it, and writing over the data in the file." *Beyer*, 2024 WI App 10, at ¶ 31. So any argument that the evidence would change the outcome of the suppression motion is speculative; he cannot show a reasonable probability of a different result. Thus, a ruling in Beyer's favor would require the court to extend *Brady* from a duty to disclose favorable evidence that is material to guilt or innocence to a duty to disclose evidence that could be relevant to a suppression hearing, regardless of whether it is favorable or unfavorable.

When Beyer asserted this claim with the Wisconsin Court of Appeals, the court assumed without deciding that the Constitution "includes the right to access evidence or information that could support an argument for an order based on the Fourth Amendment

4

excluding the prosecution at trial from offering other evidence." *Beyer*, 2024 WI App 10, at ¶ 27. But the court rejected Beyer's due process claim because Beyer could not show a reasonable probability that the discovery he was after would change the result of the suppression motion, reasoning that "[t]he argument is heavily speculative, depending on a series of 'what ifs.'" *Id.* at ¶ 33.

The court of appeals' decision is not contrary to or an unreasonable application of Supreme Court precedent. In fact, the decision goes further than *Brady* by assuming that it applies to suppression motions. If this court were to grant habeas relief, I would have to go further than both *Brady* and the court of appeals by holding that due process requires the state to turn over any evidence that could be relevant to a suppression motion, even when it is unknown what that evidence would show. And it would mean that the state has a constitutional duty to allow a defendant to conduct a forensic analysis of its computers in any instance in which a computer file that served the basis for a search warrant could not be located later. That duty would go far beyond existing Supreme Court precedent.

"Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 572 U.S. 414, 426 (2014). Granting Beyer's petition would require a significant extension of current law, so I will deny the petition.

5

ORDER

IT IS ORDERED that:

1. Jacob Richard Beyer's petition for a writ of habeas corpus is DENIED.

2. A certificate of appealability is GRANTED.

3. The clerk of court is directed to enter judgment and close the case.

Entered January 27, 2025.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge